UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
2004 OCT -6 PM 3:30

| | | |
|---|---|---|
| BLACK WARRIOR RIVERKEEPER, INC., | ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: |
| VULCAN CONSTRUCTION MATERIALS, LP, aka VULCAN MATERIALS COMPANY, Defendant. | ) ) ) ) ) | CV-04-J-2930-S |

## COMPLAINT

COME NOW the Plaintiff to make and file this Complaint as follows:

### Jurisdiction and Venue

1. This Court has subject matter jurisdiction over the claims set forth in this Complaint by virtue of Section 505 of the Federal Water Pollution Control Act (FWPCA), 33 U.S.C. § 1365 (a), and by virtue of 28 U.S.C. § 1331.

2. Venue is appropriate in the Northern District of the State of Alabama pursuant to 33 U.S.C. § 1365 (c)(1) because the acts, omissions, and/or violations complained of herein occurred within the Northern District.

### Notice

3. Plaintiffs gave Defendant Vulcan Construction Materials, LP aka Vulcan Materials Company (Vulcan Materials) notice of the violations alleged herein and their intent to sue more than Sixty (60) days prior to the filing of this Complaint. At the same time a copy of the notice was mailed to the Administrator of the Environmental Protection Agency (EPA), the Regional Administrator of Region IV of the EPA, and the Director of the Alabama Department of

1

       Environmental Management (ADEM). Service of notice on Vulcan Materials was by certified mail.

4. Since the Plaintiffs gave notice, the violations complained of herein have not ceased. The EPA has not commenced and diligently prosecuted an enforcement action for the violations set out herein. The State has not commenced and diligently prosecuted a judicial enforcement action for the violations set out herein. Furthermore, ADEM has not commenced and diligently prosecuted an administrative enforcement action for the violations set out herein pursuant to a comparable state law.

## PARTIES

5. Black Warrior Riverkeeper, Inc. is a non-profit membership corporation that is dedicated to the preservation, protection, and defense of the environment and that actively supports effective enforcement and implementation of environmental laws, including the FWPCA and the Alabama Water Pollution Control Act (AWPCA), on behalf and for the benefit of its members.

6. Defendant Vulcan Construction Materials, LP aka Vulcan Materials Company is a Corporation engaged in the operation of a quarry that does business in the Northern District of Alabama.

## NATURE OF THE CASE

7. This is an action for declaratory judgment, injunctive relief, penalties, and attorney fees to enforce provisions of the AWPCA and the FWPCA and regulations and/or permits adopted and/or issued pursuant to said Acts.

8. Vulcan Materials owns and operates the Bessemer Quarry which discharges pollutants to Fivemile Creek, a tributary of Valley Creek, a tributary of the Black Warrior River, in

Bessemer, Jefferson County, Alabama. These discharges are in violation of Vulcan Materials' NPDES Permit number AL0069035 issued by the state pursuant to the AWPCA and the FWPCA which provides that Vulcan Materials shall discharge no more than a daily maximum of 45.0 mg/l and a monthly average of 25.0 mg/l of Total Suspended Solids at its Bessemer Quarry.

9. Vulcan Materials also violates said permit by failing to abide by the regulations found in ADEM Administrative Code Rule 335 Division 6 Chapter 6. Vulcan Materials has violated these regulations by failing to notify the Alabama Department of Environmental Management (ADEM) within five days of noncompliance with its permit as required by ADEM Administrative Code 335-6-6-.12(6).

10. Members of Black Warrior Riverkeeper have recreated in, on or near, or otherwise used and enjoyed, or attempted to use and enjoy, Fivemile Creek and Valley Creek downstream from the Bessemer Quarry in the past, and they intend to do so in the future. They have a direct and beneficial interest in the continued protection, preservation, and enhancement of the environmental, aesthetic, and recreational values in Fivemile Creek and Valley Creek downstream from the Bessemer Quarry. The quality of these waters directly affects the recreational, aesthetic and environmental interests of certain members of Black Warrior Riverkeeper. The recreational, aesthetic, and environmental interests of certain of Black Warrior Riverkeeper's members have been, are being, and will be adversely affected by the Bessemer Quarry's continued violation of its permit as alleged in this complaint.

11. Members of Black Warrior Riverkeeper now recreate less on Fivemile Creek and Valley Creek because of the Bessemer Quarry's illegal discharges. The violations alleged herein have had a detrimental impact on those members' interests because the violations have adversely

affected and/or diminished aquatic life in Fivemile Creek and Valley Creek and have made the Creeks less suitable for fishing, wading, walking, observing nature, or relaxing. Said members would recreate more in and around Fivemile Creek and Valley Creek but for Defendant's illegal discharges of pollution. Said members will recreate more often in or near Fivemile Creek and Valley Creek once Vulcan Material's illegal discharges cease.

## COUNT ONE

12. The Plaintiffs hereby repeat, reallege, adopt, and incorporate by reference paragraphs 1 through 11 herein above as if fully set out in this Count.

13. The State of Alabama, acting through ADEM, has implemented a federally authorized system for regulating the discharge of pollutants to waters of the State that operates in lieu of, or in conjunction with, the federal water pollution control program (see U.S.C. § 1342 (b)).

14. On May 31, 2001 ADEM re-issued NPDES Permit number AL0069035 to Vulcan Materials for the operation of the Bessemer Quarry at Bessemer, Jefferson County, Alabama. (The permit was first issued July 1, 1995). The permit provides that Vulcan Materials shall discharge no more than a daily maximum of 45.0 mg/l and a monthly average of 25.0 mg/l of Total Suspended Solids at its Bessemer Quarry.

15. Vulcan Materials discharged pollutants to Fivemile Creek from its Bessemer Quarry operation in violation of said permit on the following occasions:

| **DATE:** | **OUTFALL:** | **VIOLATION:** |
|---|---|---|
| February, 2000 | 003 | Monthly Average for Total Suspended Solids (TSS) |
| April, 2000 | 003 | Monthly Average for TSS |
| June 1, 2000 | 003 | Daily Maximum for TSS |
| June, 2000 | 003 | Monthly Average for TSS |

| | | |
|---|---|---|
| November, 2000 | 002 | Monthly Average for TSS |
| January 11, 2001 | 002 | Daily Maximum for TSS |
| January 25, 2001 | 002 | Daily Maximum for TSS |
| January, 2001 | 002 | Monthly Average for TSS |
| June, 2002 | 002 | Monthly Average for TSS |
| July 16, 2002 | 002 | Daily Maximum for TSS |
| July, 2002 | 002 | Monthly Average for TSS |
| August 9, 2002 | 002 | Daily Maximum for TSS |
| August, 2002 | 002 | Monthly Average for TSS |
| August 9, 2002 | 003 | Daily Maximum for TSS |
| August, 2002 | 003 | Monthly Average for TSS |
| February, 2003 | 003 | Monthly Average for TSS |
| March, 2003 | 003 | Monthly Average for TSS |
| April 1, 2003 | 003 | Daily Maximum for TSS |
| April, 2003 | 003 | Monthly Average for TSS |
| May 5, 2003 | 003 | Daily Maximum for TSS |
| May, 2003 | 003 | Monthly Average for TSS |
| July, 2003 | 003 | Monthly Average for TSS |
| December 16, 2003 | 003 | Daily Maximum for TSS |
| December, 2003 | 003 | Monthly Average for TSS |

16. The above violations include Ten daily maximum violations and 15 monthly average violations, which constitute a separate violation for each day of the month and thus constitute 455 additional violations, for a total of 465 violations of the AWPCA and the FWPCA.

17. The violations set out in this Count are continuing and ongoing and there is a reasonable likelihood that Defendants will continue to pollute in the future.

18. These violations have an adverse impact on Fivemile Creek and Valley Creek and on the recreational, aesthetic, and environmental interests of the Plaintiff's members in those waterways as set out in paragraphs 10 and 11 herein above.

## COUNT TWO

19. The Plaintiffs hereby repeat, reallege, adopt, and incorporate by reference paragraphs 1 through 18 herein above as if fully set out in this Count.

20. Vulcan Materials have further violated its permit, the AWPCA and the FWPCA in the following manner:

| **DATE:** | **VIOLATION:** |
|---|---|
| July 16, 2002 | Failed to notified ADEM within 5 days of noncompliance as required by ADEM Administrative Code 335-6-6-.12(6). |
| April 1, 2003 | Failed to notified ADEM within 5 days of noncompliance as required by ADEM Administrative Code 335-6-6-.12(6). |
| August 7, 2003 | Failed to notified ADEM within 5 days of noncompliance as required by ADEM Administrative Code 335-6-6-.12(6). |

21. These violations constitute three violations of the AWPCA and the FWPCA,

22. The violations set out in this Count are continuing and ongoing and there is a reasonable likelihood that Defendants will continue to pollute in the future.

23. These violations have an adverse impact on Fivemile Creek and Valley Creek and on the recreational, aesthetic, and environmental interests of the Plaintiff's members in those waterways, as set out in paragraphs 10 and 11 herein above.

## COUNT THREE

24. The Plaintiffs hereby repeat, reallege, adopt, and incorporate by reference paragraphs 1 through 23 herein above as if fully set out in this Count.

25. The violations set out herein will continue unless this Court enjoins Defendant.

26. These violations have caused certain of Plaintiff's members and the individual Plaintiffs irreparable injury. Plaintiffs have no adequate remedy at law for the injuries caused to them by Defendant's ongoing violations in that Plaintiffs would be forced to bring repeated and burdensome actions for each new injury to their interests if Defendant's ongoing violations are not enjoined.

27. An injunction will be in the public's interest in this case. Because Defendant is in continuing violation of the law, the equities for an injunction weigh in Plaintiff's favor.

28. Therefore, Plaintiff brings this cause of action to enjoin Defendant from engaging in any other affirmative act or conduct which would contribute to further permit violations.

## **PRAYER FOR RELIEF**

A. Plaintiff requests the Court to render a judgment finding and declaring that Defendant has violated their permit in the manner and on the dates alleged in Counts One and Two herein and that such violations are illegal and that Defendant is liable for all such violations.

B. Plaintiff requests and petition this Court to enjoin the violations and any and all illegal conduct by Defendant set out and alleged in Counts One and Two herein.

C. Plaintiff requests the Court to assess a $27,500.00 (twenty seven thousand, five hundred dollar) civil penalty against the Defendants for each violation and each day of continuing violation for violations which occur prior to March 15, 2004 and $32,500.00 (thirty-two thousand, five hundred dollars) per violation for violations which occur after March 15, 2004, *(see,* 40 CFR 19) for which Defendants are found liable.

D. Plaintiffs further request a judgment for all costs and for attorney fees as are reasonable under the circumstances.

E.  Plaintiffs pray for such other, further or more general relief as this Court may deem appropriate.

Respectfully submitted,

Mark E. Martin
Attorney for Plaintiff
Post Office Box 11561
Birmingham, AL 35202
(205) 592-6041
Facsimile: (205) 592-4048


cc:

Mike Leavitt, Administrator
1101 A
United States Environmental Protection Agency Headquarters
Ariel Rios Building
1200 Pennsylvania Ave., NW
Washington, D.C. 20460

John Ashcroft, Attorney General
United States Department of Justice
10th Street & Constitution Ave., NW
Washington, D.C. 20530

J.I. Palmer, Jr., Regional Administrator
United States Environmental Protection Agency
Region 4
Sam Nunn Atlanta Federal Center
61 Forsyth Street, SW
Atlanta, GA 30303-3104

James W. Warr, Director
Alabama Department of Environmental Management
P.O. Box 301463
Montgomery, AL 36130-1463